UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LETTICE MAYFIELD,

                Plaintiff,

        -against-

GENERAL DYNAMICS LAND SYSTEMS,

                Defendant.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 11-6114

(Wexler, J.)



APPEARANCES:

Law Offices of Daniel M. Tanenbaum
By: Daniel M. Tanenbaum, Esq.
    Esther R. Goldbas, Esq.
1 Channel Drive
Port Washington, NY 11050

Giskan Solotaroff Anderson & Stewart LLP
By: Darnley Dickinson Stewart, Esq.
11 Broadway
Suite 2150
New York, NY 10004
Attorneys for Plaintiff

Morgan, Lewis & Bockius LLP
By: Christopher A. Parlo, Esq.
    Brendan Thomas Killeen, Esq.
101 Park Avenue
New York, NY 10178
Attorneys For Defendant

WEXLER, District Judge

This is an employment discrimination case commenced by Plaintiff Lettice Mayfield ("Plaintiff") against her former employer Defendant General Dynamics Land Systems ("Defendant"). Plaintiff alleges a claim of direct discrimination based upon gender and race, as well as a claim for retaliation. Plaintiff also sets forth a claim for intentional infliction of

emotional distress. Presently before the court is Defendant's motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment

## DISPOSITION

The standards for summary judgment are well settled. Rule 56(a) of the Federal Rules of Civil Procedure, states that summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir.2004) (quoting Weyant v. Okst, 101 F.3d 845, 854 (2d Cir.1996)); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

The court has reviewed the parties' submissions and concludes that facts as to the circumstances surrounding Plaintiff's employment, complaints of discrimination and termination are sharply in dispute. These facts include, inter alia, the parties' conflicting versions of Plaintiff's relationship with her co-workers, and whether or not that relationship led to an

altercation (and Plaintiff's allegedly justifiable subsequent firing). Also among the facts in dispute are the nature of Plaintiff's conduct after her termination, whether or not she complained of discrimination and the knowledge, if any, of Plaintiff's superiors regarding her alleged complaints.

The presence of these and additional important factual issues preclude the entry of summary judgment with respect to Plaintiff's claims. Accordingly, Defendants' motion for summary judgment is denied. The denial of the motion is without prejudice to renewal with respect to some or all of the claims at the close of Plaintiff's case, which remains scheduled for jury selection on June 24, 2013.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       June 3, 2013